UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLEMNY SANCHEZ-ARIAS, Individually and on        Case No. _____
Behalf of All Other Past and Present Similarly
Situated Employees,                              **CV 12 -        3619**

              Plaintiffs,

       -vs.-                                    **COMPLAINT**
                                     **(CLASS ACTION)**
CLASSIC VALET PARKING, INC., and JULIAN
MARINO,

              Defendants.
-----------------------------------------------------------------X

      Plaintiff GLEMNY SANCHEZ-ARIAS by and through his attorneys, The Law

Offices of William Cafaro, on behalf of himself and all other similarly situated past and

present employees, alleges as follows:

## *PRELIMINARY STATEMENT*

    1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA") and

pursuant to the New York State Labor Law ("NYLL") to recover back wages for minimum

wage, overtime and spread of hours violations on behalf of the above captioned Plaintiff and

his similarly situated co-workers who currently work or have worked for the Defendants

CLASSIC VALET PARKING, INC (hereinafter "Classic Valet") , and/or its principal

JULIAN MARINO (hereinafter "Marino").

    2.     Upon information and belief, the Defendant Classic Valet operates a parking

service under the business name and style "Classic Valet Parking Service". This entity is

owned and closely managed by the Defendant Marino.  The named Plaintiff and other similarly situated employees, who are comprised of valet parkers, worked six or seven days per week.  The Defendants profited by instituting an abusive wage practice wherein they uniformly failed to properly compensate the Plaintiff and similarly situated employees for minimum wages and overtime owed, often failing to pay any compensation whatsoever for numerous hours worked, and unlawfully claiming a tip credit against the prevailing minimum wage.

## *THE PARTIES*

3.     The Plaintiff GLEMNY SANCHEZ-ARIAS (hereinafter "Sanchez-Arias") is an individual residing in Queens, New York.

4.     The Defendant Classic Valet was and is a domestic business corporation, having its principal place of business at 92 North Ave., Suite #201, New Rochelle, NY 10801.

5.     Upon information and belief, Classic Valet is a closely held corporation that operates a valet parking service for various restaurants and other establishments under the name and style "Classic Valet Parking Service".

6.     Upon information and belief, the Defendant Marino is an individual whose business address is 92 North Ave., Suite #201, New Rochelle, NY 10801.

7.      Upon information and belief, and at all times herein pertinent, the Defendant Marino served as a principal, officer, and/or manager of the Defendant Classic Valet.

8.      Upon information and belief, and at all times herein pertinent, the Defendant Marino exercised close control over the managerial operations of Classic Valet, including the policies and practices concerning employees.

9.      At all times herein pertinent, the Defendant Marino controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing, and determined the rate and manner of the payment of wages with respect to the Plaintiff and those similarly situated.

10.     At all times herein pertinent, Defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

11.     At all times hereinafter pertinent, the Defendant Classic Valet was involved in an industry engaged in commerce.

12.     Upon information and belief, for the calendar year of 2009, the gross receipts of Classic Valet were not less than $500,000.

13.     Upon information and belief, for the calendar year of 2010, the gross receipts of Classic Valet were not less than $500,000.

14.     Upon information and belief, for the calendar year of 2011, the gross receipts of Classic Valet were not less than $500,000.

15.     At all times herein pertinent, the Defendant Marino acted as an employer of the Plaintiff and those similarly situated within the purview of the FLSA and the NYLL.

## *JURISDICTION AND VENUE*

16.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the State law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2. Additionally, this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

4

## *COLLECTIVE ACTION ALLEGATIONS*

18.     Plaintiff brings the First and Second Causes of Action pursuant to the FLSA, on behalf of himself and all similarly situated past and present employees, who worked as valet parkers for the Defendants who elect to opt into this Collective Action.

19.     The Defendants named herein are liable under the FLSA for failing to compensate the Plaintiff and those similarly situated in accordance with Federal minimum wage and overtime guidelines. Upon information and belief, there are many similarly situated current and former employees of the Defendants who are owed back wages pursuant to the FLSA for minimum wage and overtime violations who would benefit from the issuance of Court ordered and supervised notice of the instant action, permitting them to join this lawsuit. Those similarly situated employees are known to the Defendants, are otherwise identifiable, and can, upon information and belief, be located through the Defendants' records.  This Court, in its discretion, can order the appropriate form of notice pursuant to 29 U.S.C. § 216(b).

## *NEW YORK CLASS ACTION ALLEGATIONS*

20.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff herein brings the Third, Fourth and Fifth Causes of Action under the NYLL on behalf of themselves and a class similarly situated; namely:

> All persons employed by Classic Valet Parking Service who worked
> as valet parkers between the period of July 16, 2006 and the date of
> final judgment in this Class Action.

5

21.     Excluded from the aforementioned Class are the Defendants, their legal representatives, heirs, officers, assigns and successors, or any individuals who at any time during the class period had a controlling interest in the Defendant Classic Valet, or who acted as bona fide supervisors.

22.     Upon information and belief, the members of this class will exceed 100 people, making joinder impracticable.  The precise number of members is not known at this point because such knowledge is exclusively available to the Defendants.

23.     There are common questions of law and fact that exist as to the Class that predominate over any questions affecting class members individually which include, but are not limited to:

    i)      whether the Defendants engaged in a pattern and practice of failing to pay the Class Members the minimum wage and overtime wages at a premium rate in violation of the NYLL?

    ii)     whether the Defendants complied with all of the requirements necessary to take advantage of a tip credit?

    ii)     whether the Defendants failed to comply with the posting requirements with respect to wages in violation of the NYLL?

    iv)    whether in accordance with the requirements of the NYLL the Defendants kept adequate records with respect to wages it paid to its employees and the tips its employees received?

v)  whether in accordance with the requirements of the NYLL the Defendants
furnished the Plaintiff and those similarly situated with statements of wages
that were compliant with the law?

24.  The typicality requirement is met insofar as the claims of the named Plaintiff
are typical of the claims of the New York Class he seeks to represent. The statutory and
regulatory protections afforded by the NYLL asserted herein are applicable to and protective
of the named Plaintiff and Class Members. The named Plaintiff, as well as the Class
Members, have all been injured as a result of Defendants' policy and practice of violating
such provisions.

25.  Plaintiff will fairly and adequately represent and protect the interest of all
Class Members. The named Plaintiff's claims are typical of the claims belonging to all Class
Members, and there is no conflict between the Plaintiff and the Class Members.
Additionally, the named Plaintiff has retained competent counsel experienced in complex
litigation.

26.  With notions of fairness and efficiency in mind, a class action is the superior
method of adjudicating this litigation. The named Plaintiff and Class Members are and were
victims of the same policy and practice, instituted by the same Defendants, which violated
the same wage provisions of the NYLL. The individual damages sustained by the Class
Members are small in comparison to the cost likely to be incurred in prosecuting this
litigation, making a unitary action more efficient. Upon information and belief, many of the
individual Class Members do not have the financial resources to adequately prosecute this

7

claim, and absent a class action they would not have any redress. Furthermore, unitary litigation will insure a consistent verdict and otherwise obviate the need for duplicative litigation.

27.     In accordance with the Federal Rules of Civil Procedure 23(b)(3) this action can be maintained as a class action.

## *NAMED PLAINTIFF SANCHEZ-ARIAS ALLEGATIONS*

28.     Plaintiff Sanchez-Arias was hired by the Defendants on or about August 18, 2008 and worked for them up and until on or about October 13, 2010. During the course of his employment the Plaintiff, like the members of the proposed class, performed the duties of a valet parker.

29.     Plaintiff Sanchez-Arias's duties did not entail the exercise of independent judgment or discretion.

30.     During his employment with the Defendants, the Named Plaintiff worked for Classic Valet in various locations, including but not limited to Mapo BBQ, at 149-24 41st Avenue, Flushing, NY 11355; Hahm Ji Bach, 41-08 149th Place, Flushing, NY 11355; and Yuraku Restaurant, 192-20 Northern Blvd., Flushing, NY 11358.

31.     During his employment with the Defendants, the Named Plaintiff worked for Classic Valet eight hours per day, generally working seven days per week.

32.     Plaintiff's pay stubs almost never reflected the hours he actually worked in any given week. Although the Defendants purported to pay time and a half for some of the hours which exceeded 40 hours per week, there were numerous hours every week for which he was not compensated at all. Almost invariably, the uncompensated hours constituted overtime hours insofar as they occurred during weeks wherein Plaintiff had worked in excess of 40 hours.

33.     Plaintiff never received the lawful minimum wage for any of his work hours because the Defendants took a tip credit to which they were not entitled, for failure to comply with both the Federal and New York State requirements.

34.     While the pay stubs furnished to Plaintiff often contained a figure which purported to represent the amount of tips received by him during the pay period, this figure was fictitious, having been arbitrarily set by Defendants without ascertaining the amount of tips received.

35.     The amount of tips actually received by Plaintiff was invariably inaccurate and was always less than what was reflected on his paystubs.

9

36.     No notification, either in the form of posted notices or otherwise, was ever provided to Plaintiff Sanchez-Arias regarding overtime and minimum wages as required under the FLSA and NYLL.

37.     The named Plaintiff was injured by the Defendants' policies and practices mentioned herein, insofar as he never received the overtime pay required by law for work performed in excess of the forty-hour work week, he normally worked hours every week for which he was not compensated at all, nor did he receive the correct minimum wage.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

38.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

39.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

40.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41.     In violation of 29 U.S.C. §§ 207, 216(b) the Defendants have failed to pay

Plaintiff, and other members of this Collective action, overtime pay at premium rate of one

and one half times their regular rates of pay.

42.     The Defendants' violation of the aforementioned was intentional, knowing,

willful and in bad faith.

43.     All of the foregoing constituted willful and repeated violations, making the

applicable statute of limitations three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

44.     The plaintiff hereby incorporates all preceding paragraphs of this complaint

with the same force and effect as if fully set forth at length.

45.     The defendants herein willfully and in bad faith violated Article § 650 by

failing to pay plaintiffs the applicable minimum wage.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### (OVERTIME)

46.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

47.     The Defendants herein knowingly, willfully and in bad faith violated Article 6 & 19 and the regulations promulgated thereunder, namely 12 NYCRR §142-2.2, by failing to pay Plaintiff and his similarly situated Class Members overtime pay at premium rate of at least one and one half times their regular rates of pay.

## ***PRAYER***

**WHEREFORE**, Plaintiff, individually and on behalf of other persons similarly situated, pray for relief as follows:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employees up through and including the date of this Court's issuance of Court-supervised Notice, who worked as valet parkers. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their duly earned minimum and/or overtime wages;

B.     That, pursuant to FLSA's statutory and regulatory scheme, this Court award unpaid overtime pay, and an additional equal amount in liquidated damages;

12

C.    That this Court declares that the Defendants' violation of FLSA's overtime provisions was knowing and willful;

D.    That this Court, pursuant to NYLL's statutory and regulatory scheme, award unpaid overtime pay;

E.    That this Court certify this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.    That, this Court designates Plaintiff as Class representatives, and Counsel as Class counsel;

G.    That this Court award reasonable attorneys fees and the costs of this action, together with pre-judgment interest and post-judgment interest;

H.    Together with any further relief as this Court may deem just, proper and equitable.

Dated:  New York, New York
        July 13, 2012

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO


                                    _____
                                    William Cafaro (WC2730)
                                    Attorneys for Plaintiff
                                    19 West 44th Street, Ste. 1500
                                    New York, New York 10036
                                    (212) 583-7400
                                    File No. 52677
                                    13

To:

CLASSIC VALET PARKING, INC.
92 North Ave., Suite #201
New Rochelle, NY 10801

JULIAN MARINO
92 North Ave., Suite #201
New Rochelle, NY 10801